IN THE

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

NO. 10-30443

_____

JOHN KINSEL
      APPELLANT-CROSS APPELLEE
VERSUS

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY
      APPELLEE-CROSS APPELLANT

_____

**CROSS-APPEAL RESPONSE BRIEF** FOR THE APPELLEE/CROSS APPELLANT BURL CAIN, TO THE APPELLANT CROSS-APPELLEE, JOHN KINSEL'S RESPONSE BREIF,FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA, NO. 08-1512, SECTION D(6)
THE HONORABLE A.J. McNAMARA, JUDGE.

_____

          PAUL D. CONNICK, JR.
          DISTRICT ATTORNEY
          24TH JUDICIAL DISTRICT
          PARISH OF JEFFERSON
          STATE OF LOUISIANA
          TERRY BOUDREAUX, #03306
          ANNE M. WALLIS, #15063
          ASSISTANT DISTRICT ATTORNEYS
          200 DERBIGNY STREET
          GRETNA, LOUISIANA  70053
November 2010       (504) 368-1020

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

1. The habeas petition is untimely and the issue of due diligence is waived . . . . . 1
2. This Court should given deference to the state lower court ruling denying a new trial. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
     TIMELINESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-6
     WAIVER OF DUE DILIGENCE ARGUMENT . . . . . . . . . . . . . . . . . . 6-8
     DEFERENCE TO STATE COURT FACTUAL FINDINGS . . . . . . . . 8-11
     EQUITABLE TOLLING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12
CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

## *CASES*

*Flanagan v. Johnson* 154 F.3d 196, 199 (C.A.5 (Tex.),1998) . . . . . . . . . . . . . . . . 4
*Redmond v Jackson*, 295 F. Supp. 2d 767 (E.D. Mich. 2003) . . . . . . . . . . . . . . . . 4
*Phillips, v Donnelly*, 216 F. 3d 508, 511(5th Cir. 2000). . . . . . . . . . . . . . . . . . . . 5
*Johnson v. Dretke* 442 F.3d 901, 908 (C.A.5 (Tex.),2006). . . . . . . . . . . . . . . . . . 5
*Prince v. Thaler* 354 Fed.Appx. 846, 2009 WL 3806077, 1 (C.A.5 Tex. 2009). . . . . 6
*United States v. Riggs,* 314 F.3d 796, 800 n. 9 (5th Cir.2002) . . . . . . . . . . . . . . . 6
*Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir.2002)). . . . . . . . . . . . . . . . . . . . . 6
*Armstead v. Maggio*, 720 F.2d 894, 896 (5th Cir.1983)). . . . . . . . . . . . . . . . . . . 8
*Weber v. Burl Cain,* 2008 WL 3876399, 13 (E.D.La.) (E.D.La.,2008). . . . . . . . . . 8
*Sumner v Mata*, 455 U.S. 591, 102 S. Ct. 1303, 71 L. Ed. 2d 480 (1982) . . . . . . 9
*Rolan v Vaughan*, 445 F. 3d 671, 680 (3d Cir. 2006) . . . . . . . . . . . . . . . . . . . . 8
*State of Louisiana v Kinsel*, 967 So. 2d 499 (La. 2007). . . . . . . . . . . . . . . . . .   10
*Ylst v Nunnemaker*, 111 S. Ct. 2590, 2593(1991) . . . . . . . . . . . . . . . . . . . . . .  10
*Henderson v. Cockrell,* 333 F.3d 592, 598 (5th Cir.2003) . . . . . . . . . . . . . . . .  10
*Woodfox v. Cain ,*609 F.3d 774, 794 (C.A.5 (La.),2010). . . . . . . . . . . . . . . . . 11
*Drew v. Dept. of Corrs.,* 297 F.3d 1278, 1286 (11th Cir.2002). . . . . . . . . . . . . 11
*Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir.2002), *cert. denied,* 539 U.S. 918, 123 S.Ct. 2277, 156 L.Ed.2d 136 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
*Felder v. Johnson* 204 F.3d 168, 171 (C.A.5 (Tex.),2000), c*ert. denied,* 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000). . . . . . . . . . . . . . . . . . . . . . . . . 11
*Hill v. Rader* 2010 WL 555479, 7 (W.D.La.) (W.D.La.,2010). . . . . . . . . . . . . . 11
*Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). . . . 12

## *STATUTORY AUTHORITY*

**Page**
Title 28, U. S.C. Section 2254(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Title 28, U.S.C. Section  2254(e)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Title 2244(b)(2)(B)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

IN THE

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

NO. 10-30443
_____

JOHN KINSEL
　　　　　　　　　APPELLANT-CROSS APPELLEE
VERSUS

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY
　　　　　　　　　APPELLEE-CROSS APPELLANT

_____

**CROSS-APPEAL RESPONSE BRIEF** FOR APPELLEE/CROSS APPELLANT BURL CAIN, TO THE APPELLANT/CROSS APPELLEE JOHN KINSEL'S RESPONSE BRIEF, FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA, NO. 08-1512, SECTIOND(6)
THE HONORABLE A. J. McNAMARA, JUDGE
_____

## *SUMMARY OF THE ARGUMENT*

Kinsel presents two issues in his Response brief. Specifically, **(1)** whether or not the habeas petition is timely filed and if not, whether or not equitable tolling applies, and (2) the jury likely have reached a different result had it heard the victim's recantation. The state responds as follows:

**(1)** The habeas petition is untimely and the issue of whether or not Kinsel

1

excised due diligence is waived. Neither in his habeas corpus petition, nor in his Objections to the Magistrate rulings, did Kinsel ever indicate when he learned or could have learned of the factual predicate of his claim by exercising due diligence, a necessary predicate for relief.

Moreover, Kinsel failed to specifically object to the Magistrate's conclusion that May 2005, when the victim contacted his attorney to recant, instead of October 2005, when the victim was deposed, was the date he could have learned of the factual predicate of his claim. Thus, this issue is waived.

**(2)** Kinsel states in his Response brief that a jury would "likely have reached a different result had they heard these recanted statements" made by the victim. (Defense response brief, p. 22). This Court however, must and should give deference, as the Federal District Court correctly did, to both the state Fifth Circuit Court of Appeal and the Louisiana Supreme Court rulings that the trial court abused its discretion in granting Kinsel a new trial, because that conclusion is neither contrary to, or involved an unreasonable application of, clearly established Federal law, nor was the ruling based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding. AEDPA, 2254 (d). As the Federal District Court found, the determination of factual issues by the Louisiana Fifth Circuit Court of Appeal is presumed correct and Kinsel failed to meet his burden of rebutting this presumption of correctness by clear and convincing evidence. AEDPA, 2254

(e)(1).

## *ARGUMENT*
## *TIMELINESS/EQUITABLE TOLLING/WAIVER*

### *TIMELINESS*

A showing of due diligence in discovering the factual basis of a claim rest squarely on the petitioner and he must allege it and show it when attempting to file an untimely successive petition based on newly discovered evidence. [1] Finding that Kinsel failed to supply the court with any information as to when he learned of the factual predicate for his claim, the Magistrate correctly concluded that the date that Kinsel's attorney was contacted by the victim, specifically May of 2005, was the beginning date of AEDPA. However, in its *Order and Reasons*, the District Court concluded, without any input from Kinsel, that it was only when the victim was deposed four months later, on October 20, 2005, that petitioner, "who was incarcerated" could have learned of the factual predicate through the exercise of due diligence. (See, *Order and Reasons,* )[2].

---

[1] In support of its ruling, the Magistrate cited to, among other cases, *Flanagan v. Johnson* 154 F.3d 196, 199 (C.A.5 (Tex.),1998) and *Redmond v Jackson*, 295 F. Supp. 2d 767 (E.D. Mich. 2003).

[2] Neither a prisoner's pro se status nor ignorance of the law, even for an **incarcerated** pro se petitioner, excuses prompt filings .*Saahir v. Collins,* 956 F.2d 115, 118-19 (5th Cir.1992) (holding that *Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir.1991).

Kinsel now argues, for the first time, that he could not have exercised due diligence until counsel mailed to him a copy of the victim's affidavit. However, in *Flanagan v. Johnson* 154 F.3d 196, 199 (C.A.5 (Tex.),1998), a case relied upon by the Magistrate, this Court held that prescription did not commence to run on the date the supporting affidavit was secured. Instead, this Court held, in pertinent part:

> Flanagan is confusing his knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of that claim. Trial Counsel's affidavit neither changes the character of Flanagan's pleaded due process claim nor provides any new ground for Flanagan's federal habeas petition. Section 2244(d)(1)(D) does not convey a statutory right to an extended delay, in this case more than seven years, while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim...[A]bsence of trial counsel's affidavit did not prevent Flanagan from pursuing state habeas relief on that same ground.

In *Redmond v Jackson*, 295 F. Supp. 2d 767 (E.D. Mich. 2003), another case relied upon by the Magistrate, the court held, in pertinent part, as follows:

> Petitioner claims that he had newly discovered evidence of his innocence in the form of an affidavit from a co-defendant, Mark Ford, which Petitioner claims that he did not receive until January 14, 1998. The primary problem the Court has with invoking § 2244(d)(1)(D) to allow the one-year period to run from the date of the discovery of this evidence is that Petitioner has failed to offer any explanation how the factual predicate of his claims could not have been discovered earlier, nor does he indicate what steps, if any, he took to discover these claims. Because Petitioner does not indicate when he discovered the factual predicate of his claims, the Court is unable to determine when the one-year period would commence pursuant to § 2244(d)(1)(D). *Grayson v. Grayson,* 185 F.Supp.2d 747, 750 (E.D.Mich.2002). This Court is

unable to accept any argument from Petitioner that the factual predicate for his claims could not have been discovered sooner because any such argument is unsupported and conclusory. *Id.* In particular, Petitioner cannot invoke the provisions of § 2244(d)(1)(D) with respect to Mark Ford's affidavit because Petitioner does not state when he learned about the underlying facts contained in Ford's affidavit. *Tate,* 177 F.Supp.2d at 800. )

The date of the victims affidavit wherein she recants is not just an automatic starting date for tolling for an incarcerated petitioner, which is what the Federal District Court ruled. Rather, as the two cases cited above indicate, it is incumbent on the petitioner to show the court when he learned of the factual predicate or could have learned though the exercise of due diligence. *Phillips, v Donnelly*, 216 F. 3d 508, 511(5th Cir. 2000). The plain language of the statute requires that the Federal District Court and ultimately this Court, determine not whether Kinsel has shown that the victim's recantation *could not have been discovered previously* through Kinsel's exercise of due diligence, but instead, whether the recantation *could have been discovered* previously through the exercise of due diligence. *See* § 2244(b)(2)(B)(i). *Johnson v. Dretke* 442 F.3d 901, 908 (C.A.5 (Tex.),2006). The District Court was wrong in assuming that Kinsel's incarceration and the victims residence in another state proved, automatically, that Kinsel *could not have discovered* the issue previously. Due diligence must first be demonstrated under § 2244(b)(2)(B)(i) before

a court may reach the ultimate merits of an actual innocence claim. See, *Prince v. Thaler* 354 Fed.Appx. 846, 847, 2009 WL 3806077, 1 (C.A.5 (Tex. (C.A.5 (Tex.),2009) citing to *United States v. Riggs,* 314 F.3d 796, 800 n. 9 (5th Cir.2002) (quoting *Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir.2002)).

## *WAIVER*

Neither in his habeas petition nor in his *Objections to the Report and Recommendation,* did Kinsel ever address the issue of his due diligence nor did he ever address the issue of when he first learned or could have learned of the recantation.[3] Instead, in both the habeas petition and in his Objections, Kinsel

---

[3]With regard to the Objections, Federal Rule of Civil Procedure, Rule 72, Magistrate Judges: Pretrial Order, reads in pertinent part:
   **(2) *Objections.*** Within 14 days after being served with a copy of the recommended disposition, a party may serve and file **specific written objections to the proposed findings** and recommendations. A party may respond to another party's objections within 14 days after being served with a copy. Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient.
28 U.S.C. 636(b)(1) reads in pertinent part:
   Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those **portions of the report or specified proposed findings or recommendations to which objection is made**. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to

maintained a misplaced reliance only on his actual innocence claim to warrant tolling. However, a petitioner's claim of actual innocence is not relevant to the timeliness of the petition.

In his Cross Appeal Response Brief, Kinsel has argued for the first time, that he was *unaware* of the facts and circumstances of the victim's recantation "when she *initially* contacted counsel's office" in May of 2005, and "there is absolutely no way Mr Kinsel could learn" of the victim's recantation "until after her *deposition* was taken, and a copy of same was sent to him in prison." (Defense Response brief, p. 14, 1). [4] However, that Kinsel did not know of the recantation that was given by "deposition" is an entirely different issue from whether or not Kinsel knew of the factual predicate of the claim at a date earlier than the official deposition. In addition, his statement that he did not know of the recantation until the deposition was "sent to him", is an entirely different statement from the statement contained in Kinsel's second post conviction application that "the facts upon which this claim is predicated were not known to John Kinsel...until recently when the alleged victim **contacted** the

---

the magistrate judge with instructions.

[4] The state also argues what it did in its cross appeal. Kinsel has known all along whether or not he raped the victim. He could have brought an actual innocence claim long before now and the victim's affidavit was not necessary to his claim. Based on this alone, relief should be denied.

undersigned with the revelation concerning her false accusations at trial." (See second post conviction application, p. 5; see, Corrected Record Excerpts, p. 13-15; see evidentiary hearing, p. 4, 8-9 wherein counsel states that May of 2005 is when the victim first contacted the attorney's office).

### *DEFERENCE*

Kinsel states in his Response brief that a jury would "likely have reached a different result had they heard these recanted statements" made by the victim. (Defense response brief, p. 22). However, the existence of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus. *Armstead v. Maggio*, 720 F.2d 894, 896 (5th Cir.1983)).;*Weber v. Burl Cain,* 2008 WL 3876399, 13 (E.D.La.) (E.D.La.,2008). Moreover, the highly deferential standard for evaluating state-court rulings must prevail, as the Federal District Court correctly ruled, and a presumption of correctness applies to the state court findings. The presumption of correctness is equally applicable when a state appellate court, which in this case was the state Fifth Circuit Court of Appeal, as opposed to a state trial court, makes the finding of fact *Sumner v Mata*, 455 U.S. 591, 592-593, 102 S. Ct. 1303, 71 L. Ed. 2d 480 (1982), see also, *Rolan v Vaughan*, 445 F. 3d 671, 680 (3d Cir. 2006) ( applying presumption of correctness to appellate court's findings of fact

where petition was filed after the effective date of AEDPA).[5]

In its factual analysis of the merits, the Fifth Circuit gave principled consideration to both the victim's trial testimony and the victim's recantation. The court compared her evidentiary testimony with her affidavit and compared her evidentiary testimony with her trial testimony, and found several inconsistencies. After citing to both state law and federal law, the state court found that the victim's recanting testimony at the evidentiary hearing was "inconsistent and contradictory in

---

[5] In support of its ruling granting deference to the state appellate findings, the Federal District Court cited to AEDPA, 2254, which the Court outlined in pertinent part as follows:

> **(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a state court **shall not be granted** with respect to **any claim that was adjudicated on the merits** in state court proceedings unless the adjudication of the claim-
> 　**(1)** resulted in a decision that was contrary to, or involved an **unreasonable** application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 　**(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.
> 　**(e)(i)** In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting this presumption of correctness by clear and convincing evidence.

28 U.S.C. 2254 (d) & (e) (1).

several respects."After a detailed and thoughtful analysis, the state Fifth Circuit correctly concluded that the victim had perjured herself but that the recantation was not credible or reliable and that there was nothing to support the recantation as much as there was evidence to discount it. The Louisiana Supreme Court affirmed the Fifth Circuit's ruling. See, *State of Louisiana v Kinsel*, 2007-0490, (La. 11/9/2007), 967 So. 2d 499. The habeas court will presume that the state court relied upon the same ground as the last reasoned state court opinion. *Ylst v Nunnemaker*, 111 S. Ct. 2590, 2593(1991); *Henderson v. Cockrell,* 333 F.3d 592, 598 (5th Cir.2003) ("AEDPA's standards apply, however, when the state's highest court rejects a claim without giving any indication of how or why it reached that decision"). This court cannot and should not substitute its judgment of the facts for the state appellate court especially here, where there is support in the record for the state Fifth Circuit's ruling. *Woodfox v. Cain ,*609 F.3d 774, 794 (C.A.5 (La.),2010).[6]

---

[6] Kinsel states that the recantation is reliable and credible because in part, the victim was subject to a perjury charge. (See, Defense Response brief, p. 21). However, the same can be said for every "recanter." And though there is always exposure to the threat of a perjury charge, traditionally the recantation of testimony given at trial is "looked upon with the utmost suspicion," *United States v. Troche,* 213 F.2d 401, 403 (2d Cir. 1954), quoting from *Harrison v. United States*, 7 F.2d 259, 262 (2d Cir. 1925); see 2 C. Wright, Federal Practice and Procedure s 557, at 526-28 (1969).

## *EQUITABLE TOLLING*

Kinsel alleges that he is entitled to equitable tolling based on his actual innocence. (Defense Response brief, p. 19). Section 2244 permits equitable tolling when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence. The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner. *Drew v. Dept. of Corrs.,* 297 F.3d 1278, 1286 (11th Cir.2002).

Kinsel's claim of actual innocence is insufficient to warrant either statutory or equitable tolling of the AEDPA's limitation period. The one-year limitations period established by 28 U.S.C. § 2244(d) contains no exemption for a petitioner claiming actual innocence of the crimes for which they have been convicted. *Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir.2002), *cert. denied,* 539 U.S. 918, 123 S.Ct. 2277, 156 L.Ed.2d 136 (2003). Actual innocence claim does not constitute a "rare and exceptional" circumstance, given that many prisoners maintain they are innocent. *Felder v. Johnson* 204 F.3d 168, 171 (C.A.5 (Tex.),2000), c*ert. denied,* 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000). see, *Hill v. Rader* 2010 WL 555479, 7 (W.D.La.) (W.D.La.,2010).

Moreover, Kinsel has failed to allege, much less establish, that extraordinary circumstances beyond his control and unavoidable with diligence prevented him from

presenting his claim before the limitation period expired, which are essential elements for the imposition of equitable tolling. In addition, he has failed to prove that a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Therefore, the Magistrate's ruling should stand.

## ***CONCLUSION***

The Magistrate was correct in finding the habeas corpus petition untimely because Kinsel failed to allege nor carry his burden of proof as to when he learned or could have learned of the factual predicate of his claim. Moreover, the issue of due diligence is waived because he failed to object to the Magistrate's findings with regard to this issue and he failed to argue due diligence at any level of the proceedings except for the first time in this Court. Equitable tolling is not based on an actual innocence finding and thus the habeas petition should not be tolled.

Respectfully Submitted,

/s/Anne Wallis, #15063
Assistant District Attorney
Jefferson Parish District Attorney's Office
200 Derbigny Street
Gretna, Louisiana 70053
504-361-2535

## *CERTIFICATE OF SERVICE*

I hereby certify that on November 2, 2010, an electronic copy of the forgoing Cross Appeal Response brief has been served on John Kinsel's attorney, Autumn Town, at 700 Camp Street, Suite 112, New Orleans, La. 70130. I also certify that a hard copy of the Response brief was hand delivered by the undersigned to Autumn Town, on November 2, 2010, at 700 Camp Street, Suite 112, New Orleans, La. 70130.

Anne M. Wallis, #15063

## *CERTIFICATE OF COMPLIANCE*

Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

**1.** This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

this brief contains 3, 677 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

**2**. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

this brief has been prepared in a proportionally spaced typeface using WordPerfect 11 in 14 point font size and Times New Roman type style.

/s/ Anne M. Wallis, #15063

Attorney for Cross-Appellant

Date: November 2010